\*CINCINNATI (CITY) v. EDWARD ARMSTRONG.

**Collapse of Old, Rotten Bridge and Prior Notice of Defective Condition of Bridges in that Locality Imply Constructive Notice of Defects that Reasonably Careful Inspection Would Furnish.**

> Collapse of an old wooden bridge, supported by rotten timbers, and prior notice to its service department of the unsafe condition of bridges in the same locality, imply constructive notice of its defects such as would have been revealed by a reasonably careful inspection; hence, a verdict against the city for damages to a team and driver caused by such collapse, in the absence of contributory negligence by the driver, will not be set aside.

ERROR to common pleas court.

*Constant Southworth,* assistant city solicitor, for plaintiff in error.

*Harry J. Wernke,* for defendant in error.

**SMITH, P. J.**

We do not think the evidence in this case discloses any contributory negligence on the part of the defendant in error, but on the contrary the evidence is such as that but one conclusion can be drawn, which is, that the bridge in question was out of repair. The evidence upon this point being that "the timbers supporting it were rotten; that there was no live current in the wood and that it had been built and in use for a long time prior to its taking over by the city from the county."

---

\*Affirming, Armstrong v. Cincinnati, 22 Dec. 534; affirmed; no op., 88 O. S. 000; 58 Bull. 191.

Cincinnati v. Armstrong.

The jury unequivocally answered three special interrogatories entirely consistent with the general verdict to the effect that the defect in question was of such a character that it could have been discovered by a reasonably careful inspection; that such an inspection was not made before the accident, and that the city had notice of the unsafe condition of the bridge about six weeks before.

Upon the latter question of notice the court is of the opinion that there is sufficient evidence to justify the finding of the jury upon this point. The attention of the board of public service was called to the unsafe condition of the bridges in that locality, and a written communication was sent to it specifying streets that needed repair, and we think that under all the evidence the constructive notice of the unsafe condition of this particular bridge was sufficiently proven.

We see no error in giving to the jury the special charge on behalf of the city, as the same is fully sustained by the case of *Hardin Co. (Comrs.)* v. *Coffman,* 60 Ohio St. 538 [54 N. E. Rep. 1054; 48 L. R. A. 455].

The general charge correctly stated the law of the case, and finding no errors in the record, the judgment will be affirmed.

**Swing** and **Jones, JJ.,** concur.